## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03450-WYD-KMT

FULLER REAL ESTATE, LLC, a Colorado
limited liability company,

    Plaintiff,

v.

SYCAMORE BROKERAGE, LLC, d/b/a
FULLER SOTHEBY'S INTERNATIONAL
REALTY, a Colorado limited liability
company; R. SCOTT WEBBER, an individual;
CATALYST, LLC, a Colorado limited liability
company; VILLAGE MARKETING
ASSOCIATES, LLC, a Colorado limited
liability company; STEAMBOAT BROKERS,
LLC, a Colorado limited liability company;
and JOHN DOES 1 – 10,

    Defendants.

---

## STIPULATION AND ORDER REGARDING
## ESI AND PAPER DOCUMENT PRODUCTION PROTOCOL

---

WHEREAS, this action is before the United States District Court for the District of

Colorado;

WHEREAS, based upon the information represented by the parties at the time of this

Stipulation and Agreement ("Agreement") of the potentially relevant sources of ESI, and in

reliance on that information, the parties have in good faith engaged in discussions regarding the

search for and production format of such ESI and the production of paper documents which the

parties have available to produce:

NOW, THEREFORE, IT IS HEREBY STIPULATED BY AND BETWEEN THE PARTIES, THROUGH THEIR RESPECTIVE COUNSEL, AS FOLLOWS:

This Agreement shall govern the parties' obligations regarding the search for and production of all documents in this matter, including documents produced pursuant to the parties' Rule 26 disclosures and all discovery requests from the date of this Agreement forward.

**I.     PRODUCTION FORMAT:**

**A.     Attachments and Parent-Child Relationships.** Separate document(s) (the "child") attached to another document (the "parent') shall be produced contemporaneously and sequentially immediately after the parent document. Parent-child relationships (the association between an attachment and its parent document) shall be preserved. Documents embedded inside other documents (*e.g.*, a Word file embedded inside a PowerPoint file) shall be designated as "attachments" (or words to that effect) to the embedding (parent) file. In the preceding example, the Word document would be designated as an attachment (child) of the PowerPoint file (parent). Attachment Range Fields shall include begin/end bates range, as well as begin/end bates range for attachment or be designated in another appropriate way.

**B.     Paper Documents.** Where practicable, documents that originally existed in paper form ("Paper Documents") will be produced in an electronic image form, as TIFF images. Paper Documents shall be produced as they are maintained in the ordinary course of business, including all separations, attachments, and affixed notes as they existed in the original. In scanning paper documents, distinct documents shall not be merged into a single record, and single documents shall not be split into multiple records (*i.e.*, paper documents shall be logically unitized). The parties will make their best efforts within reason to unitize documents correctly

and will address situations where there are improperly unitized documents.

      **C.**     **Production of ESI:** The parties agree to produce ESI which they have available to produce as follows:

           1.       ESI will be produced in TIFF format. All TIFF formatted documents will be single page, black and white, Group 4 TIFF at 300 X 300 dpi resolution and 8 1/2 X 11 inch page size, except for documents requiring different resolution or page size. If an original document contains color, a party may request the document be re-produced in color and the producing party shall honor reasonable requests to either make the document available in color for inspection and copying or for production of a color image of the document. The requesting party making such a request shall pay the costs of the production of any color images of any documents.

           2.       A unitization file, in standard format (e.g., Opticon, Summation DII, or the like) showing the Starting Bates and Ending Bates, as well as identifying any attachments, Confidential notation or Counsel Retention Only (if applicable), and the metadata fields identified in Paragraph 5 of this Section will accompany each TIFF image, to the extent such metadata exists as electronic metadata associated with the original documents.

           3.       Each TIFF image of an electronic document will be created directly from the original electronic document as maintained in the parties' systems.

           4.       Electronic documents attached to an e-mail shall be produced contemporaneously and sequentially immediately after the parent e-mail.

           5.       The following metadata fields associated with each electronic document

will be produced, to the extent they exist as electronic metadata associated with the original documents:  author, attachments (i.e., attach), bcc, cc, time created, date sent, date last modified, time last modified, from, importance, date received, time received, recipients (i.e., to), time sent, subject (i.e., e-mail subject), and title (i.e., file name).

6.     A party may modify the list contained in Paragraph 5 in the event that it identifies responsive ESI based on systems other than Microsoft applications and containing different metadata fields.

7.     In addition to the metadata described above, where alterations have been made by the parties to static images (e.g., comments added to Adobe PDF documents include notes, highlights, stamps, or any other markup), non-privileged metadata will be produced to the extent it exists.

8.     To the extent practicable, an extracted searchable full text file version will be produced for each electronic document.  Each extracted full text version will be assigned a unique file name or identifier.

9.     The parties and their respective vendors, if applicable, shall work together regarding the specifics of the load file formatting for a commercially available document management or litigation support software.

10.     Subsequent to the production of the ESI in TIFF format, a receiving party may request that the producing party provide additional metadata information not already provided in accordance with the list set forth in Paragraph C(5), or that the producing party produce certain imaged files in an alternative format.  Such requests shall be made according to the following protocol:

4

a.      The receiving party shall provide a list of Bates numbers for the imaged documents covered by the request, as well as an explanation for why the additional metadata or the alternative format is being requested.  The requesting party shall pay for costs for the additional metadata or alternative format requested if the producing party agrees to or is ordered to provide the additional information.

b.      The producing party shall have ten (10) business days to agree to provide the requested additional metadata or make the documents available in alternative format, or object to the demand.  If the producing party objects to the demand, the producing party will respond in writing, setting forth the basis for the objection.

c.      If the parties are unable to agree regarding a request for production as contemplated by this Paragraph, the parties may submit the matter to the Court.

11.     Microsoft Excel files shall be produced as native files.

12.     In the event that ESI is produced in native format, such files will be assigned a unique file name or identifier.  The producing party shall provide a placeholder at the Bates number where the document was originally located, which placeholder shall correspond with the native file name.

**D.      Production of Database ESI**

1.      The parties and their respective vendors, if applicable, shall work together regarding the specifics of the production format (i.e., query format) for database ESI.

**II.      DE-DUPLICATION**

**A.**     If a producing party chooses to de-duplicate documents, the producing party may only omit from the production documents that are 100% duplicates (e.g., if a document was prepared in several copies, or if additional copies were subsequently made, and any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, handwritten notations on the front or back of the document, all such existing non-identical copies shall be produced).  The duplicate copies that are produced shall include all metadata required by this Agreement, including but not limited to the multiple custodians possessing duplicate copies.

**B.**     Each party will disclose the methodology it used to de-duplicate (e.g., MD5 Hashing, SHA-1).

**C.**     The parties will meet and confer in an attempt to reach agreement as to the type of de-duplication methodology to be used for the production.  If the parties are unable to resolve any such de-duplication issues, the dispute will be referred to the Court for resolution.

**III.     SEARCH FOR ESI**

**A.**     The parties may use keyword searching to identify ESI that is reasonably likely to have discoverable information regarding the subject matter of this action.  If either party uses keyword searches to identify ESI, the parties agree to meet and confer with regard to the custodians to search and search terms to use.  If the parties disagree on the applicable keywords or custodians, either party may file the appropriate motion for determination by the Court.

**B.**     Should ESI that is reasonably likely to have discoverable information regarding the subject matter of this action be located on back-up tapes or other back-up, archived or disaster recovery systems, the parties will confer in good faith on whether such back-up tapes or

other back-up, archived or disaster recovery systems must be searched to identify documents. .

## IV.    PRIVILEGE AND REDACTIONS

**A.**    Producing parties shall withhold discoverable documents or ESI on the basis of privilege or other protection only within the bounds of applicable law or upon order of the Court.

**B.**    The parties agree that the following categories of documents and ESI need not be identified on a privilege log: (i) all communications between counsel of record in this action and their respective clients since July 1, 2014; and (ii) all communications between an in-house attorney or counsel of record and their respective clients concerning scheduling, logistical, and/or other non-substantive or ministerial matters.

**C.**    The parties shall prepare privilege logs in accordance with F.R.C.P. 26(b)(5).  The parties recognize that there may be a limited number of instances where there are categories or groups of documents or ESI in which all items are privileged and that, because of the large number of individual items in such a category or group, it would be a great burden to separately identify on a privilege log each individual document or item of ESI included in that group.  The parties agree that in such instances, in accordance with The Sedona Principles: Best Practices Recommendations & Principles for Addressing Electronic Document Production, comment 3(c) (2007 ed.) and as appropriate, instead of separately identifying each document or item of ESI on its privilege log, it may instead identify categories or groups of privileged documents or privileged ESI.  In so doing, the party shall describe in its privilege log the category or group of privileged documents or ESI (including, without limitation, the criteria and method of delimiting the category or group), the factual basis for a reasonable belief that all documents or ESI in the category or group are privileged, and the legal basis for the assertion of a privilege as to all

documents or ESI in the category or group.  Additionally, if a party requests further information relating to a category or group identified on the other party's privilege log, such information shall be provided so that the requesting party has sufficient information to determine whether or not to challenge the privilege claim.  The ultimate adjudication of challenged privilege claims shall be made on the basis of a document-by-document review.

**D.**      Producing parties shall redact discoverable documents, ESI, or metadata only within the bounds of applicable law or upon order of the Court.  Each producing party shall be required to produce a redaction log and the parties shall exchange those initial logs along with their privilege logs.

**E.**      Recognizing that native files cannot be redacted, the parties agree to confer regarding the production of native files that require redaction.

## V.      OBLIGATIONS OF THE PARTIES

Nothing in this Agreement shall be construed to change the parties' obligations or rights under the Federal Rules of Civil Procedure or the Federal Rules of Evidence.

## VI.      FAILURE TO ADHERE TO AGREEMENT

If any party fails to adhere to the provisions of this Agreement, that party shall remedy any such failure – as soon as practicable, and at that party's own expense.

## VII.      MODIFICATION OF AGREEMENT

The parties agree that this Agreement was entered into based upon the information available at the time that it was executed by the parties and may be subject to modification in the future.  Any party may file a motion to seek individual relief from this Agreement, including for reasons of undue or excessive costs.

IT IS SO ORDERED, with the consent of the parties.

DATED at Denver, Colorado, this 4th day of May, 2015.

BY THE COURT:

_____

United States Magistrate Judge

APPROVED:

s/*Peter G. Koclanes*
Peter G. Koclanes
James Sawtelle
Joseph C. Daniels
Sherman & Howard L.L.C.
633 Seventeenth Street, Suite 3000
Denver, CO 80202
Telephone: 303-297-2900
E-mail:  pkoclanes@shermanhoward.com
E-mail:  jsawtelle@shermanhoward.com
E-mail:  jdaniels@shermanhoward.com

Attorneys for Fuller Real Estate, LLC

s/ *Kenzo S. Kawanabe*
Kenzo S. Kawanabe
Daniel P. Spivey
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, CO 80202
Telephone: 303-892-9400
Email: kenzo.kawanabe@dgslaw.com
Email: daniel.spivey@dgslaw.com

Attorneys for Sycamore Brokerage, LLC, R.
Scott Webber, Catalyst, LLC, Village
Marketing Associates, LLC and Steamboat
Brokers, LLC

## CERTIFICATE OF SERVICE

I certify that on April 3, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Kenzo S. Kawanabe
Daniel P. Spivey
Davis Graham & Stubbs LLP
1550 17th Street, Suite 500
Denver, CO 80202
kenzo.kawanabe@dgslaw.com
daniel.spivey@dgslaw.com

/s/ *Lisa Crisswell*
Lisa Crisswell